UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-21687-CIV-MORENO

ROBERTO VIRELLES,
     Plaintiff,
vs.
ALBERTO GONZALEZ, ATTORNEY
GENERAL OF THE UNITED STATES, ET
AL.,
     Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss **(D.E. No. 3-1)**, filed on **August 31, 2007**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**.

## I. SUMMARY

Plaintiff is a native and citizen of Cuba who seeks an order compelling the representatives of a United States governmental agency to adjudicate his application for adjustment of status to become a permanent United States resident. This Court has encountered this issue before, and the reasoning presented here is nearly the same as in previous instances. *See e.g. Grinberg v. Swacina, et al.*, 478 F.Supp.2d 1350 (S.D.Fla., 2007).

Without any Eleventh Circuit law addressing the immigration issue presented here, this Court follows its previous decision, continuing the reasoning of the majority of courts in dismissing similar actions for lack of subject matter jurisdiction.  The rationale behind this is that §§ 242 and 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § § 1255(a), 1252(a)(2)(B)(ii) (2006), as amended in 2005, preclude judicial review of any discretionary "decision or action" of the Attorney General in immigration matters.  *See Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va. 2006); *Alkenani v. Barrows*, 356 F.Supp.2d 652 (N.D.Tex. 2005); *Maldonado-Coronel v. McElroy*, 942 F.Supp. 376 (S.D.N.Y. 1996); *Zheng v. INS*, 933 F.Supp. 338, 341 (S.D.N.Y. 1996); *Zaytsev v. Gantner*, No. 04 Civ. 7101, 2004 WL 2251665 (S.D.N.Y. Sept. 24, 2004).  This Court has followed these other courts in holding that the phrase "decision or action" includes the pace at which immigration decisions are made unless the discretion of the Attorney General is explicitly restricted by the language of the relevant statutes.  *See Safadi*, 466 F.Supp.2d at 698.  Accordingly, they and this Court have reasoned that neither *mandamus* jurisdiction pursuant to 28 U.S.C. § 1361 nor the Administrative Procedure Act ("APA") in conjunction with 28 U.S.C. § 1331 may confer jurisdiction to compel adjudication. *Id*. at 700-01.  This Court, once more, agrees.

Further, this Court reiterates its past conclusion that if Congress intended to confer jurisdiction upon federal courts to review the pace of adjudication for adjustment

of status applications, it would have provided an explicit time limitation in 8 U.S.C. § 1255(a) as it did in 8 U.S.C. § 1447(b).  Section 1447(b) provides for a 120 day time limit to make a determination on a naturalization application after an examination is conducted.  8 U.S.C. § 1447(b) (2006).  That Congress chose to not do so here reveals an intent to leave the pace of adjudication discretionary with the United States Attorney General and outside the scope of judicial review.  While this Court acknowledges the Plaintiff's frustration from waiting indefinitely in an "immigration limbo" for a determination, it finds that Congress - rather than a federal court - is the proper governmental body to fashion a remedy.

## II. BACKGROUND

Roberto Virelles, a citizen of Cuba, filed his application for adjustment to permanent status on or about April 15, 2003.  The notice Mr. Virelles received following his filing was that it "usually takes 990 to 999 days from the date of this receipt for us to process this type of case."  Mr. Virelles was interviewed on December 6, 2006.  His application could not be adjudicated because security checks were outstanding, and his application remains pending the completion of those checks.  The FBI name checks were initiated on or about December 21, 2006.

## III. ANALYSIS

Plaintiff does not ask this Court to redress a violation of the United States

Constitution.  Instead, this action arises under federal statute.  *See* 28 U.S.C. § 1331 (2006).

The Complaint alleges that the court has jurisdiction pursuant to (A) 5 U.S.C. § 701 *et set.*, i.e. the Administrative Procedure Act ("APA"), (B) 28 U.S.C. § 1361 (*mandamus* jurisdiction), and indirectly (C) argues that the court has jurisdiction due to federal question under 28 U.S.C. § 1331.

## A. The Administrative Procedure Act

Defendants argue that Congress has not conferred jurisdiction upon the Court to grant the relief requested.  This Court agrees.  Section 245 of the INA, as amended, provides that the decision to adjust an alien's status to lawful permanent resident lies solely within the discretion of the Attorney General and "under such regulations as he may prescribe." 8 U.S.C. § 1255(a) (2006).  This provision places the "adjustment of immigration status within the discretion of the Attorney General," but remains silent as to the pace of adjudication.  *Id.*

Section 242(a)(2)(B)(ii) of the INA further supports this proposition.  This section provides, in pertinent part, that "no court shall have jurisdiction to review...any other decision or action of the Attorney General or the Secretary of Homeland Security...." 8 U.S.C. § 1252(a)(2)(B)(ii) (2006).  Plaintiff claims that review of discretionary actions of the FBI - here, the Name Check - do not fall under the aegis of this Section 242.  Plaintiff

asserts, without citation or reference, that "foreclosing aliens' judicial review of an administrative agency's action due to silence on behalf of Congress has been frowned upon by this nation's judicial system." *Complaint*, p.2. This is simply wrong: already discussed in the introductory section of this opinion, the majority of courts have embraced the idea that such components of process are beyond judicial review.

Plaintiff fails to specifically address the implications of the word "action". While there is little dispute that a court is prohibited from reviewing an adjustment of status decision, at issue here is whether Congress intended the components of such a status decision - e.g. the pace at which adjustment proceeds - come within the ambit of a discretionary, and hence non-reviewable, "action". In granting Defendants' Motion to Dismiss, this Court finds that Congress intended to include the pace within its discretionary function.

While the Eleventh Circuit has not yet decided this issue, this Court has previously held that the term "action" as used in section 242(a)(2)(B)(ii) "encompasses *any* act or series of acts that are discretionary within the adjustment of status process," including the pace of process. *Grinberg*, 478 F.Supp.2d at 1353-54 *(citing Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va. 2006)). This Court, agreeing with the *Safadi* court, rejected the argument that the phrase "decision or action" pertained only to the result of the adjudications. *Id*. at 1354. In *Safadi*, the court concluded that to accept that

argument would "impermissibly render the word "action" superfluous." *Safadi*, 466

F.Supp.2d at 699-700.  The *Safadi* court held that section 242(a)(2)(B)(ii) expressly

prohibited the court from asserting jurisdiction, *Id*. at 700-01, and in *Ginberg* this Court

agreed.

The *Safadi* case is even more applicable in this case than it was in *Grinberg*: in

*Safadi*, a Lebanese citizen sought to compel the USCIS to adjudicate his application to

adjust to permanent resident status after waiting four years.  *Id*. at 697.  Here, Mr.

Virelles has been waiting a little over four years.  In *Grinberg*, the plaintiffs attempted to

distinguish *Safadi* by arguing that the Grinbergs had waited over five years since filing

their applications, and three years since their interviews.  *Grinberg*, 478 F.Supp.2d at

1354.  This Court found *Safadi* to be appropriately applicable there, and it does so again

today.

An important distinction lies in the difference between adjustment of status and

other issues such as naturalization where Congress *has* imposed fixed schedules.  This

case concerns 8 U.S.C. § 1255(a) which includes no applicable schedule of any sort, as

opposed to 8 U.S.C. § 1447(b) where a strict 120-day deadline is imposed.  In *Walji v.

Gonzales*, 2007 WL 2685028 (C.A.5 (Tex.)), Shabir Hussein Walji was a lawful permanent

resident of the United States who applied for naturalization.  At issue there was when

the statutorily imposed 120-day deadline began to ran in such applications.  The Fifth

Circuit's reasoning centered on a close reading of the language of the law to determine what was meant by "examination" and other such terms.  A similar close reading of the laws here reveals that if Congress had intended to impose a schedule of any kind on the application to adjust status, it would have included some such language in the statute itself.

## B. Mandamus

Plaintiff also submits that this Court has jurisdiction pursuant to 28 U.S.C. § 1361, the Mandamus Act.

The party seeking *mandamus* has the burden of demonstrating "that its right to issuance of the write is clear and indisputable."  *Will v. United States*, 389 U.S. 90, 96 (1967) (internal quotations and citation omitted).[1]  "Mandamus is an extraordinary remedy which should only be utilized in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003).  To obtain *mandamus* relief, a petitioner must demonstrate (1) a clear right to the relief sought; (2) that the respondents have a clear, non-discretionary duty to act; and (3) no other remedy is available.  *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003) *citing Heckler v. Ringer*, 466 U.S. 602, 617 (1984).  Plaintiff has presented no valid argument for a clear right to have his adjustment of status processed any faster than any other applicant (which is the

_____

[1]The common law writ of mandamus was abolished pursuant to Federal Rule of Civil Procedure 81(b), and is now codified by 28 U.S.C. § 1361.

relief sought), nor has Plaintiff shown that the Defendants have any clear duty to adjudicate this application within a particular time, or that Congress is not the appropriate source of any remedy to his situation.  In short, Plaintiff has failed to meet any of the requirements for writ of *mandamus*.

Furthermore, section 242(a)(2)(B) expressly prohibits *mandamus* relief for "any other decision or action of the Attorney General."  It goes on to state that "notwithstanding any other provision of law (statutory or nonstatutory), including...sections 1361 and 1651 [of Title 28]...no court shall have jurisdiction to review [any other decision or action of the Attorney general]...." 8 U.S.C. § 1252(a)(2)(B).  This Court follows the same logic it followed in *Grinberg* and holds that the term "action" encompasses delays in the process and precludes *mandamus* relief.  Therefore section 242(a)(2)(B) precludes *mandamus* jurisdiction over this matter.

## C. Federal Subject Matter Question

In a case like the one at bar, where Plaintiff seeks the Court's *mandamus* jurisdiction to compel action, but not to direct the exercise of judgment or discretion, *mandamus* jurisdiction is coextensive with the remedies available under the APA.  *Gemini Realty, Inc. v. Gonzalez*, No. 6:06-cv-786-Orl-19DAB, 2006 WL 2927562, *2, 2006 U.S. Dist. LEXIS 74194, at *7 (M.D.Fla. Oct. 11, 2006).  Courts apply the same principles and standards to both to determine jurisdiction and to assess the merits of both claims.  *Id.*

-8-

(internal quotations and citations omitted).  Therefore, this Court addresses Plaintiff's claim under the APA.

The APA does not provide an independent basis for subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 106-07 (1977).  It at all, subject matter jurisdiction is proper under the APA only in combination with the Court's federal question jurisdiction under 28 U.S.C. § 1331.  *Grinberg*, 478 F.Supp.2d at 1355.  For purposes of this matter, the relevant federal law provision is section 6 of the APA, which provides in part: "With due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time,* each agency shall proceed to conclude a matter presented to it.  5 U.S.C. § 555(b) (2006) (emphasis added).  Pursuant to secction 706(1), a court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1) (2006); *Atlantic & Gulf Stevadores, Inc. v. Donovan*, 274 F.2d 794, 802 (5th Cir. 1960). Plaintiff implies, but does not explicitly state, that the violation of section 555(b) comes within the ambit of the federal question statute.  There is a well settled presumption in favor of interpreting statutes to allow judicial review of administrative action, *e.g. Yu v. Brown*, 36 F.Supp.2d. 922, 933 (D.N.M. 1999) (J. Vazquez), but that presumption may be overcome if there is clear evidence of Congressional intent to preclude judicial review. *Id.,* at 934.  Such clear evidence, as already discussed, has been found here, where Congress has specifically provided for a 120 day limit for naturalization determinations

but no time limit for adjustment of status for permanent residency.

The APA does not supercede the express provisions of 28 U.S.C. § 1252(a)(2)(B)(ii).  In fact, the APA itself precludes judicial review of the adjustment statues process when it provides "[t]his chapter applies...except to the extent that statutes preclude judicial review."  5 U.S.C. § 701(a) (2006).  Moreover, the APA does not apply where "agency action is committed to agency discretion by law."  *Id*. § 701(a)(2).  The issue is whether secction 242(a)(2)(B)(ii) of the INA precludes judicial review of the pace of processing Plaintiff's application for adjustment of status.  This Court follows the same logic it followed in *Grinberg*, and holds that the term "action" refers to the entire process, including its pace.  *See Grinberg*, 478 F.Supp.2d at 1355.  Therefore the APA defers to section 242(a)(2)(B)(ii) of the INA.  This Court lacks jurisdiction over this matter, and the case is dismissed.[2]

DONE AND ORDERED in Chambers at Miami, Florida, this _11_ day of October, 2007.

_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record

---

[2]Because this Court is dismissing this case on jurisdictional grounds, it does not address the issue of whether Plaintiff has stated a viable claim.

-10-